**UNITED STATES FIDELITY AND GUARANTY COMPANY, a corporation, and Gibbs Corporation, a corporation, Plaintiffs,**

**v.**

**William M. O'KEEFFE, as Deputy Commissioner, United States Department of Labor, Bureau of Employees' Compensation, Sixth Compensation District, Defendant,**

**and**

**Owen K. Thrift, Intervenor.**

**No. 4799–Civil–J.**

United States District Court
S. D. Florida,
Jacksonville Division.

July 24, 1962.

Guaranty Company to set aside, suspend or modify a compensation award entered by William M. O'Keeffe, Deputy Commissioner, Bureau of Employees' Compensation, United States Department of Labor. That award was entered on October 13, 1961, in favor of Owen K. Thrift, based on the finding that Thrift was permanently, totally disabled.

Thrift filed a motion to intervene in this action. His attorneys filed a complaint and motion to intervene in the present suit, alleging that the fee awarded them by the Commissioner was unreasonably small, and requesting that the question of attorney's fees in this matter be remanded to the Commissioner for further findings.

Defendant O'Keeffe filed a motion for summary judgment on January 22, 1962. Hearing was held, after due notice, on all pending matters, on July 19, 1962. Counsel for all affected parties having been heard, it is

Ordered:

1. The motion to intervene of Owen K. Thrift is granted.

2. The motion to intervene as party plaintiff of the firm of Evans, Stewart and Proctor is granted and their complaint, accompanying their motion, is ordered filed.

3. The relief sought by the firm of Evans, Stewart and Proctor is denied. The deputy commissioner has wide discretion in setting the fee for an attorney appearing before him. That fee is to be based on the necessary work performed by the attorney, not on the size of the award granted. 20 C.F.R. Sec. 1.24. It is the responsibility of the attorney to present to the commissioner an itemized statement of his services performed, Sec. 1.24(c). The firm of Evans, Stewart and Proctor has not shown to this Court that the deputy commissioner abused his discretion in awarding them a two hundred dollar ($200.00) fee on the basis of the record before him.

4. Defendant's motion for summary judgment is granted. There was substantial evidence to support a

Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, Fla., for plaintiffs.

Evans, Stewart & Proctor, Jacksonville, Fla., for petitioner Owen K. Thrift.

Edward F. Boardman, U. S. Atty., Jacksonville, Fla., for defendant.

SIMPSON, Chief Judge.

This action was brought by Gibbs Corporation and United States Fidelity and

**818**

finding that Thrift's injury of April 22, 1959, was at least a concurrent cause of his total disability. The record also contains substantial evidence that claimant Owen Thrift is no longer employable except for light work that he has found very hard to find. In economic terms, he is totally disabled and this is the test of disability under the Act.

██ Plaintiffs contend that part of claimant's total disability is due to a "previous disability" within the meaning of Title 33, U.S.C.A. § 908(f)(1). In that case, the portion of disability due to a previous disability would be paid out of a fund established in Title 33, U.S.C.A. § 944. This Court has recently passed on the meaning of "previous disability" in Sec. 908(f)(1) of the Act, ruling that an underlying weakness which is not manifest to a prospective employer is not a previous disability. See United States Fidelity and Guaranty Company v. O'Keeffe, U.S. Dist. Ct., So. Dist. Florida, Jacksonville Division, 240 F.Supp. 813. The arthritic condition of claimant Thrift was such an underlying weakness within the meaning of the above ruling.

Accordingly, Summary Judgment is hereby entered in favor of defendant William M. O'Keeffe.