**BOYD–CAMPBELL COMPANY, Inc., et al.**

v.

**R. J. SHEA et al.**

**Civ. A. No. 66–C–4.**

United States District Court
S. D. Texas,
Corpus Christi Division.

Feb. 26, 1966.

Fulbright, Crooker, Freeman, Bates & Jaworski, S. G. Kolius, Houston, Tex., for plaintiffs.

Mandell & Wright, Herman Wright, Houston, Tex., for defendant Harvey Jack Austin.

Woodrow Seals, U. S. Atty., Jack Shepherd and Carl Walker, Asst. U. S. Atty., Houston, Tex., for defendant, R. J. Shea.

GARZA, District Judge.

This is an appeal by Plaintiffs, Boyd-Campbell Company, Inc., and Texas Employers' Insurance Association, from an award of compensation benefits made by the Defendant R. J. Shea, Deputy Commissioner of Labor, Eighth Compensation District, Bureau of Employees' Compensation, United States Department of Labor.

Pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., the Defendant Harvey Jack Austin, claimant below, was found to be totally and permanently disabled as a result of an injury received in the course of his employment with Plaintiff-employer, Boyd-Campbell Company, Inc., on November 26, 1954.

The Deputy Commissioner modified an award for temporary total disability granted in a compensation order of April 9, 1958, and awarded to the claimant compensation for total and permanent disability at the rate of $31.00 per week and a lump sum of $775.00 for accrued back compensation.

Plaintiffs filed their complaint in this Court, attacking this latter compensation order of January 10, 1966, and praying for a temporary and permanent injunction restraining the Defendants from enforcing this award and staying the payments required thereby pending final decision by this Court.

On January 19, 1966, a hearing was held on the motion for temporary injunction, and an order entered on January 28, 1966, granting an interlocutory injunction against Defendants, restraining them from enforcing the lump sum payment of $775.00 to Defendant-claimant pending final decision in this cause, and further ordering that Plaintiffs pay and continue to pay the bi-weekly compensation benefits provided in the award.

At the hearing, the parties were directed to submit their motions for summary judgment and briefs thereon; and the Plaintiffs and each Defendant have filed motions for summary judgment

and briefs, which are before the Court at this time.

On November 26, 1954, Defendant-claimant, Austin, while working as a longshoreman for the Plaintiff-employer aboard a ship in the Port of Corpus Christi, Texas, sustained personal injuries, primarily to his back, when he was caught between the beam of the ship and a load of cotton seed meal. After undergoing two operations on his back, claimant was awarded temporary total disability by the Deputy Commissioner, payments to be made "during the continuance of such disability, subject to the limitations of the Act or until further order of the Deputy Commissioner."

Although § 14(m) of the Act limited compensation at the time of this injury to $10,000.00, the Plaintiff-insurance carrier continued payments under the award until the amount of $17,205.00 was paid. This, it claims, was due to inadvertence or a mistake of fact as to the limit applicable to this injury.

On July 8, 1965, payments were terminated, and on August 4, 1965, counsel for claimant filed with the Deputy Commissioner a letter applying for a modification of the original compensation order on the grounds that the disability was now total and permanent.

The Deputy Commissioner held a formal hearing on December 4, 1965, at which claimant testified and called as adverse witnesses two employees of Plaintiff-insurance carrier. Three medical witnesses testified on behalf of the Plaintiffs.

Claimant testified that he was unable to do any kind of work and had been since his injury. He had undergone a third operation on his back after the award of April 9, 1958, but still had pain each time he attempted to do any sort of physical exercise or manual labor. Up until the time of his injury of November 26, 1954, he had performed manual labor as a farmer, an oil field worker and a longshoreman without any pain or difficulty except for short periods of time when he was recovering from prior injuries.

The medical witnesses testified that the claimant had congenital anomalies of the lumbar spine which caused the claimant to have a mechanically unstable back and which in their opinion produced some disability for continued hard manual labor before his 1954 injury. The fourth and fifth lumbar vertebrae were partially fused from birth, and the three operations were performed in efforts to fuse the spine from the third lumbar vertebra to the sacrum. It was felt after the third spinal fusion that the graft was solid.

The Deputy Commissioner found that this pre-existing condition of claimant's back was materially and permanently aggravated and adversely affected by his injury. He further found that the claimant is unable to perform any kind of arduous labor and is not equipped by education or mentality to perform any work of a sedentary nature, that "the total loss of wage earning capacity that he had at the time of the 1954 injury was caused solely by such injury," and awarded compensation for total and permanent disability in biweekly installments of $31.00 per week until the death of the claimant or further order of the Deputy Commissioner.

Plaintiffs attack this award as not being in accordance with law because not supported by substantial evidence. The thrust of their argument is that the Deputy Commissioner's finding that the 1954 injury was the sole cause of the disability is inconsistent with his prior finding of a pre-existing mechanical instability which recognized that a previous disability existed before the injury. Also, urge Plaintiffs, the uncontroverted expert medical testimony was to the effect that some disability existed before the injury, and that the permanent total disability now existing was the result of the unstable back combined with the injury.

Plaintiffs recognize the claimant's testimony that he performed manual labor up until the time of his injury without any pain or difficulty, but argue that the Deputy Commissioner could not arbitrarily disregard this medical testimony.

Plaintiffs then contend that if the claimant is entitled to benefits for total and permanent disability, they should be paid out of the special fund established by § 44 of the Act, 33 U.S.C. § 944, because of the provisions of § 8(f) (1), 33 U.S.C. § 908(f) (1), which limits liability for an injury which would only cause permanent partial disability, but which combined with a previous disability, causes permanent total disability.

 As pointed out by Defendants, the Deputy Commissioner did accept the medical opinion of the doctors as to the congenital anomalies causing mechanical instability of claimant's lumbar spine, but this Court believes that he was not required to accept their legal opinion that such instability constituted a "previous disability" under the Act.

The exhaustive brief of Defendant-Deputy Commissioner distinguishes between the types of schedule disabilities enumerated in § 8(c) (1)–(10), with which § 8(f) (1) is concerned, and the type of physical defect which existed here prior to the injury in question. See Lawson v. Suwannee Fruit & SS Co., 336 U.S. 198, 69 S.Ct. 503, 93 L.Ed. 611, 1949.

Plaintiffs attempt to distinguish the congenital defect of the claimant from such prior conditions as arthritis or underlying inadequate personality to avoid the reasoning of United States Fidelity & Guaranty Co. v. O'Keeffe, 240 F.Supp. 816, D.C.Fla.1962, and United States Fidelity & Guaranty Co. v. O'Keeffe, 240 F.Supp. 813, D.C.Fla.1962 (different cases), and attempt to place such defect in the category of a person without a foot, an arm or an eye, which would fall within the schedule disabilities to which § 8(f) (1) applies. This would lead to an impractical result, however, since a person born with such a defect as the claimant here, even though unknown and not observable, would be paid compensation on a different basis from a person in perfect health. The effect of such a congenital infirmity as a mechanically unstable spine would be reflected in the employee's wage rate at the time

of his injury and would in no way penalize industry in general, or this employer and its insurance carrier in particular, except for the fact that they cannot take advantage of a limitation not intended to apply to such a case.

 This Court holds, therefore, that the limitation of § 8(f) (1) of the Act does not apply in this case, and, therefore, the benefits for total and permanent disability should not be paid out of the special fund created by § 44 of the Act, 33 U.S.C. § 944.

 Since the compensation order under attack is based on substantial evidence and the award is not contrary to law, the motion for summary judgment of the Plaintiffs must be denied, and the motions for summary judgment of Defendant-Deputy Commissioner and Defendant-claimant must be granted.

The temporary injunction heretofore entered will be dissolved, the permanent injunction prayed for will be denied, and the complaint will be dismissed. Judgment in accordance with this Memorandum is this date being entered.

Clerk will send copies of this Memorandum and of the Judgment to counsel.