505 F.2d 1126
 DILLINGHAM CORPORATION, a corporation-employer, and
Employers Mutual Liability Insurance Company of
Wisconsin, a corporation-insurer, Appellants,
v.
W. L. MASSEY, Deputy Commissioner Fourteenth Compensation
District under the Longshoremen's & Harbor
Workers' Compensation Act and Allan G.
MacDonald, Claimant, Appellees.
 No. 72-2555.
 United States Court of Appeals, Ninth Circuit.
 Oct. 29, 1974, Order Dec. 12, 1974.
 
 Ridgway K. Foley, Jr. (argued), of Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland, Or., for appellants.
 Raymond J. Conboy (argued), of Pozzi, Wilson & Atchison, Portland, Or., Ronald R. Glancz, Atty. (argued), of Appellate Section, civil Div., Dept. of Justice, Washington, D.C., for appellees.
 OPINION
 Before KILKENNY and SNEED, Circuit Judges, and JAMESON, District Judge.[1]
 PER CURIAM:
 
 
 1
 Appellee MacDonald (claimant) submitted a claim against appellant Dillingham Corporation (employer) for a work-related injury under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. 901 et seq. After an evidentiary hearing, appellee Massey, Deputy Commissioner under the Act, found that claimant's pre-existing condition did not constitute a 'previous disability' pursuant to the Act and, therefore, that employer was liable for the full amount of the award. The district court upheld the Deputy Commissioner's findings, and this appeal follows.
 
 
 2
 The primary issue on appeal is whether the Deputy Commissioner committed error in finding that a previous disability did not exist. A secondary issue relates to the finding on percentage disability.
 
 FACTS
 
 3
 Claimant suffered a broken hip at age 12 which resulted in a slightly shorter left leg and a minor limp. He, nevertheless, led a physically active adolescence and participated in high school athletics. He was rejected for military service because of the condition, but still engaged in years of strenuous physical employment. He worked as a shipfitter, a logger, and a marine machinist, all occupations which involved considerable heavy work, including climbing, bending and lifting. His leg condition in no way prevented him from engaging in normal employment.
 
 
 4
 In 1963, claimant fell while working as a machinist on a ship being repaired by employer. He suffered an injury which severely aggravated his pre-existing condition. Further degeneration developed, in 1966, culminating in a falling accident at home in 1970, inability to continue employment, and a bleeding duodenal ulcer, all found to be caused by the aggravated condition. In appropriate proceedings in 1972, the employer was found liable for 85% Permanent partial disability of the left leg and compensation retroactive to 1964.
 
 LEGAL BACKGROUND
 
 5
 Section 8(f)(1) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. 908(f)(1), provides a limited exception to the general rule of full liability for the employer in workmen's compensation cases. If a claimant's injury coalesces with a 'previous disability,' his award is prorated between the employer and the Second Injury Fund provided by the government.
 
 
 6
 The principal purpose of this special provision is to aid the handicapped in obtaining employment. It protects them from discrimination by employers who might otherwise refuse to hire them due to the increased risk of disability. Lawson v. Suwanee Fruit & Steamship Co., 336 U.S. 198, 201-202, 69 S.Ct. 503, 93 L.Ed. 611 (1949).
 
 
 7
 However, Congress did not intend that all pre-existing conditions come under coverage by the Fund, but only those 'manifest' at the time of initial employment. American Mutual Ins. Co. of Boston v. Jones, 138 U.S.App.D.C. 269, 426 F.2d 1263, 1267 (1970). An underlying condition which is not manifest to a prospective employer cannot qualify as a previous disability. United States Fidelity & Guaranty Co. v. O'Keeffe, 240 F.Supp. 816 (S.D.Fla.1962). Thus, the key to the issue is the availability to the employer of knowledge of the pre-existing condition, not necessarily the employer's actual knowledge of it. American Mutual, supra. 426 F.2d at 1267.
 
 
 8
 The determination of a previous disability's manifestation is a factual one, and a number of factors may come into play. The employee's appearance, medical reports and work experience are relevant, but the critical element is what the employer has available to him when the hiring occurs, should he decide to take notice of it. Boyd-Campbell Co. v. Shea, 254 F.Supp. 483 (S.D.Tex. 1966), is clearly in point.
 
 
 9
 Because the administrative determination at issue is a factual one, American Mutual Ins. Co. of Boston, supra, 426 F.2d at 1268, we are bound by the findings of the Deputy Commissioner unless we can say that they are unsupported by substantial evidence taking the record as a whole. O'Keeffe v. Smith, Hinchman & Grylls, 380 U.S. 359, 85 S.Ct. 1012, 13 L.Ed.2d 895 (1965); O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951); Portland Stevedoring Co. v. Johnson, 442 F.2d 411 (CA9 1971).
 
 CONCLUSION
 
 10
 The administrative record shows that between the time of claimant's childhood injury and his employment by appellant, he consistently engaged in activities and employment which would lead the average person to conclude that he had no disability.
 
 
 11
 The fact that claimant's pre-1963 condition showed up on X-ray photographs and resulted in a military deferment is not dispositive of the issue. What is manifest to a physician is not necessarily manifest to a lay employer. Boyd-Campbell, supra. On the record as a whole there is a substantial evidence to sustain the Deputy Commissioner's findings of fact.
 
 
 12
 We likewise conclude that the record shows substantial evidence in the form of physicians' statements to sustain the factual finding of an 85% Permanent partial disability of claimant's left leg.
 
 
 13
 Judgment affirmed.
 
 ORDER ON ATTORNEY FEES
 
 14
 Appellee MacDonald has applied for reasonable attorney fees in this court pursuant to the provisions of 33 U.S.C. 928(b). Appellants object to the allowance of attorney fees on the ground that the case under consideration arose prior to the effective date of the relevant legislation, November 26, 1972. The same type of objection was presented, fully considered and rejected in Overseas African Construction Corp. v. McMullen, 500 F.2d 1291, 1297 (CA2 1974). Convinced that the Second Circuit properly disposed of the issue, we adopt McMullen as the law of this circuit on this point and award appellee MacDonald an attorney fee in the sum of $1,500.00 against appellants.
 
 
 
 [1]
 The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation