**DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
Petitioner,**

v.

**COOS HEAD LUMBER & PLYWOOD
COMPANY; Ignacio Ibarra,
Respondents.**

No. 96–70973.

United States Court of Appeals,
Ninth Circuit.

Submitted March 4, 1998.[1]

Decided Oct. 21, 1999.

---

1. The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

LuAnn Kressley (briefed), U.S. Department of Labor, Office of the Solicitor, Washington, DC, for the appellant-petitioner.

Steven G. Sloma (briefed), Cerritos, California, for the appellees-respondents.

Before: WIGGINS and KLEINFELD, Circuit Judges, and SMITH, District Judge.[2]

## ORDER

The Clerk shall file Matthew Bender & Company's motion to publish. Matthew Bender & Company's motion to publish is GRANTED.

The memorandum disposition filed 8/21/98 is hereby redesignated as a published opinion by Judge Kleinfeld.

## OPINION

KLEINFELD, Circuit Judge:

1. The Director argues that the ALJ and the Board should not have awarded relief based on a stipulation in which the Director did not concur. The argument is not well founded, because the ALJ did not award second injury fund benefits to the employer based on the stipulation.

The employer and employee stipulated that the employee was injured in covered employment, that the employer had provided all necessary medical treatment, that the employee's average weekly wage was $461.25, and that maximum medical improvement had been attained. Those stipulations were unconditional and impacted both the parties to the stipulation and the second injury fund. On the condition that the employer would receive second injury fund relief, the employer and employee stipulated that the employee could not return to his usual employment, that his residual wage-earning capacity was $86.25 per week, and that the employer would pay $12,500 in attorney's fees and costs.

The ALJ heard evidence and independently arrived at a judgment, not based on the stipulation, that the employer was entitled to second injury fund coverage because of the employee's previous broken back. The previous broken back, which was the crux of the decision, was neither the subject of the stipulation nor even mentioned in it. The stipulation did not purport to establish second injury fund liability. That was established entirely by evidence.

2. A settlement between employer and employee cannot subject the second injury fund to liability. 33 U.S.C. § 908(i)(4); *E.P. Paup Co. v. Director, OWCP*, 999 F.2d 1341 (9th Cir.1993). Unlike the parties in *Paup*, however, the employer and employee here did not agree to subject the second injury fund to liability. The ALJ held a hearing, the Director filed a notice of appearance, exhibits, and a statement of position, and the ALJ made a decision on the merits after considering evidence. The Director raised no objection before the ALJ or in his briefs to us regarding the matters to which the employer and employee stipulated. The Director's quarrel is with whether the second injury fund is liable, not with the facts stipulated to by the parties, and the liability issue was independently decided by the ALJ.

3. The regulations encourage stipulations:

> The parties may by stipulation in writing at any stage of the proceeding, or orally made at hearing, agree upon any pertinent facts in the proceeding. It is desirable that the facts be thus agreed upon so far as and whenever practicable.

---

**2.** The Honorable Fern M. Smith, United States District Judge for the Northern District of California, sitting by designation.

29 C.F.R. § 18.51. The stipulation did not bind the Director, however, and he was free to introduce evidence to the contrary before the ALJ. His election not to offer any evidence or suggest any inference from the evidence that would be contrary to the stipulation waived his right to challenge the ALJ's determination subsequently. *See Duncanson Harrelson Co. v. Director, OWCP,* 644 F.2d 827, 832 (9th Cir. 1981). The director was on notice that his failure to appear would constitute a waiver.

■ 2. The Director argues that the ALJ erred, because the pre-existing disability was not manifest. Ninth Circuit law requires that for the employer to get the benefit of second injury fund coverage after 104 weeks, the pre-existing condition must be manifest either at the time the employee was hired or at some subsequent time prior to his injury. *Director v. Cargill, Inc.,* 709 F.2d 616 (9th Cir.1983) (en banc). We have not construed the requirement that the injury be manifest to mean that the employer must have actual knowledge of it. "Thus, the key to the issue is the availability to the employer of knowledge of the pre-existing condition, not necessarily the employer's actual knowledge of it." *Dillingham Corp. v. Massey,* 505 F.2d 1126, 1128 (9th Cir. 1974). A medical condition that is not in any medical records, and could have been known to the employer only had he subjected the employee to psychological and orthopedic testing procedures that had never been done, is not manifest. *Bunge Corp. v. Director,* 951 F.2d 1109, 1111 (9th Cir.1991). But *Bunge* is different from a case where, had the employer conditioned a job offer on the applicant's production of his past medical records, the pre-existing condition would have been manifest from those records.

■ The ALJ found on substantial evidence that Mr. Ibarra's past medical records showed that he had broken his back while working for Boys Furniture, had gone to the doctor, and that his medical records showed a compression fracture. The ALJ did not actually see the records, because Boys Furniture had gone out of business, and Mr. Ibarra, who spoke little English, was unable to recall the physicians' names and diagnostic tests performed. The ALJ, after careful examination of depositions and other evidence, inferred from circumstantial evidence that such records must have been in existence when Coos Head Lumber hired Mr. Ibarra. Material evidence supporting this inference was that Dr. Hoy, an orthopedic surgeon, noted that a lateral view of the lumbosacral spine showed evidence of a previous compression fracture of L1 on x-rays. The ALJ's decision is not contrary to the "manifest" requirement. It is a reasonable inference from the credibility of the witnesses and circumstantial evidence that more probably than not, there was a medical record which made the pre-existing condition manifest. If someone broke his back and went to a physician, a medical record ordinarily exists that says so.

The Director argues from Mr. Ibarra's activities and other evidence that Mr. Ibarra did not have a substantial pre-existing back condition. The Director should have made his evidentiary presentation and argument to the ALJ. There was substantial evidence on the record as a whole to support the ALJ's inference. His inference was consistent with the Board's established position that the inference that a medical record showing that the pre-existing condition was manifest must exist can be drawn by an ALJ even if the record itself cannot be produced. *Stone v. Newport News Shipbuilding and Dry Dock,* 20 BRBS 1 (1987).

■ 3. The Director argues that the ALJ did not make the requisite "materially and substantially greater" finding with regard to Mr. Ibarra's pre-existing condition. The statute requires that "such disability is materially and substantially greater than that which would have resulted from the subsequent injury alone." 33 U.S.C. § 908(f)(1). The ALJ did not use

the exact words of the statute, because he followed our framework for anaylsis in *Director v. Campbell Industries, Inc.,* 678 F.2d 836, 839 (9th Cir.1982). But he made the finding in substance, noting that a cautious employer would have been motivated by the prior broken back not to hire Mr. Ibarra for fear of increased risk of compensation liability. The ALJ found that the current level of disability was a combination of the pre-existing compression fracture and its consequences together with the recent work injury at issue. There was substantial evidence for the finding, particularly Dr. Hoy's testimony and report that the pre-existing disability and his recent injury combined to cause greater impairment than would have resulted without the pre-existing condition. That the ALJ followed our decisional framework rather than quoting the statute does not require reversal, particularly where the Director was invited to submit evidence and proposed findings and elected not to do so.

AFFIRMED.