642 F.2d 887
 SAVANNAH MACHINE & SHIPYARD COMPANY and Argonaut Insurance
Co., Petitioners,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor and Frank F. Floyd, Respondents.
 No. 79-4035.
 United States Court of Appeals,
Fifth Circuit.
 
 Unit B
 April 17, 1981.
 Adams, Brennan & Gardner, Edward T. Brennan, Savannah, Ga., for petitioners.
 Laurie M. Streeter, Assoc. Sol., Mark C. Walters, Atty., U. S. Dept. of Labor, Washington, D. C., for respondents.
 On Petition for Review of an Order of the Benefits Review Board.
 Before FAY and VANCE, Circuit Judges, and ALLGOOD,* District Judge.
 PER CURIAM:
 
 
 1
 Frank Floyd, an employ of petitioner Savannah Machine & Shipyard Company, was injured in the course of his employment. Mr. Floyd submitted a claim for compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950 (1976), (Act) and the Shipyard[1] commenced paying benefits. The Shipyard subsequently asked for a hearing on the issues of whether and to what extent Floyd was disabled by his injury. In the meantime the Shipyard continued to pay compensation to Mr. Floyd.
 
 
 2
 Following a hearing at which the Shipyard took the position that Mr. Floyd's "purported injury was not, in fact and in law, total, permanent or disabling", an Administrative Law Judge (ALJ) found that Mr. Floyd was permanently, totally disabled as a result of his employment-related injury. But because the ALJ found that Mr. Floyd's total disability was due in part to a previous partial disability, the ALJ ruled that the Shipyard's liability was limited to 104 weeks of compensation under Section 8(f) of the Act. The ALJ ordered the Director of Workers' Compensation Programs to pay from the Special Fund[2] the balance of the compensation award as well as refund the Shipyard some of the compensation paid to Mr. Floyd.[3] In addition, the ALJ awarded Mr. Floyd attorney's fees to be paid from the Special Fund. The Director petitioned the Benefits Review Board for a review of the award of the attorney's fees. Finding that the Shipyard's resistance of Mr. Floyd's claim necessitated the efforts of his attorney,[4] the Benefits Review Board held that the Shipyard was liable for the fees. The Shipyard appeals. We affirm.
 
 
 3
 Prior to 1972 an award of attorney's fees in a case under the Act reduced the claimant's compensation award; no statutory provision imposed liability upon the employer for a separate award of attorney's fees. Todd Shipyards v. Director, Office of Workers' Compensation, 545 F.2d 1176, 1180 (9th Cir. 1976). In 1972 Section 28 of the Act was amended to provide a claimant payment for legal fees in cases in which the existence or extent of liability is controverted and the claimant employs legal counsel and successfully prosecutes his or her claim. E. g., National Steel and Shipbuilding Co. v. Director, Office of Workers' Compensation, 606 F.2d 875 (9th Cir. 1979). Hence, under current Section 28 a successful claimant receives the total amount of compensation due, and the employer must bear the expense of the litigation that resulted from its denial of the claim. See Oilfield Safety v. Harman Unlimited, 625 F.2d 1248 (5th Cir. 1980).
 
 
 4
 Section 28 of the Act authorizes attorney's fees in two situations.[5] Section 28(a) authorizes the award of attorney's fees in cases in which the employer refuses to pay any compensation for a work-related injury and the claimant consequently uses the services of an attorney to successfully prosecute his or her claim. Section 28(b) provides for attorney's fees in situations in which the employer tenders partial compensation but refuses to pay the total amount claimed by the claimant, and the claimant uses the services of an attorney to successfully recover the total amount claimed.
 
 
 5
 The Shipyard contends that it cannot be held liable under Section 28(a) of the Act because that section only applies to employers who fail to pay any compensation within 30 days of receiving notice of a claim for compensation. Since the Shipyard tendered partial compensation, we agree that Section 28(a) is inapplicable to the situation at hand.
 
 
 6
 The Shipyard further contends that it cannot be held liable under Section 28(b) of the Act because, first, Mr. Floyd accepted payment from the Shipyard and, second, the Shipyard was not found to be liable to Mr. Floyd for any greater amount than it had already paid. As to the first argument, we observe that Section 28(b) contains the requirement that "the employee refus(e) to accept such payment or tender of compensation." But we do not accept the Shipyard's underlying premise that a deserving claimant who accepts some compensation is later precluded from collecting attorney's fees incurred in an action to recover adequate compensation under the Act. Neither the spirit of the Act[6] nor the logic of the Section[7] supports such a narrow statutory construction. Accordingly, we hold that, if the other requirements of Section 28(b) are met, an employee who accepts partial compensation, but who claims additional compensation, may receive attorney's fees.
 
 
 7
 We likewise reject the Shipyard's alternative argument that Section 28(b) authorizes attorney's fees only when the compensation awarded the claimant must be paid by the employer. The Shipyard reasons that, since it was not liable for payments of any additional compensation and was in fact due a reimbursement from the Special Fund, it cannot be liable for attorney's fees. But we know of no authority, and the Shipyard has cited us none, to support its position. This narrow interpretation is not suggested by the language of the statute, and in light of the remedial purposes of the Act we see no reason to restrict the scope of Section 28 in this manner. Furthermore, we observe that the Benefits Review Board has not accepted such a narrow reading of Section 28, see Brown v. Rothschild-Washington Stevedore Co., 8 BRBS 539 (1978); Baird v. W. J. Jones & Son, Inc., 6 BRBS 727 (1977), and we "give great weight to the statutory constructions developed by administrative bodies with an expertise in the area of law." Oilfield Safety v. Harman Unlimited, 625 F.2d 1248, 1257 (5th Cir. 1980). In this case, the Shipyard disputed the existence as well as the extent of Mr. Floyd's disability. Due to the Shipyard's actions Mr. Floyd was forced to retain counsel to protect his interest. Mr. Floyd was ultimately awarded compensation exceeding that which the Shipyard admitted was due. Hence, even though the Shipyard was not liable for the additional payments that were due Mr. Floyd, the requirements of Section 28(b) were met, and the attorney's fees were properly charged to the Shipyard.[8]
 
 
 8
 The judgment of the Benefits Review Board is AFFIRMED.
 
 
 
 *
 District Judge of the Northern District of Alabama sitting by designation
 
 
 [1]
 Petitioners Savannah Machine & Shipyard Company and Argonaut Insurance Company are collectively referred to in this opinion as the Shipyard
 
 
 [2]
 Established by 33 U.S.C.A. § 944, the Special Fund provides compensation to employees who have pre-existing disabilities and subsequently suffer injuries compensable under the Act. In these cases, the employer compensates the employee to the extent the disability is attributable to the employment-related injury, and the remainder of the compensation due to the employee is paid out of the Special Fund. 33 U.S.C.A. § 908(f). The purpose of the Special Fund is to remove the disincentive that many employers have to hire handicapped persons. Because of the Special Fund, employers who hire partially disabled persons are not subject to an increased risk of liability when these employees are injured. Lawson v. Suwanee Fruit & Steamship Co., 336 U.S. 198, 69 S.Ct. 503, 93 L.Ed. 611 (1949); Dillingham Corp. v. Massey, 505 F.2d 1126 (9th Cir. 1974)
 
 
 [3]
 By the time of the hearing, the Shipyard had paid compensation for approximately 208 weeks; thus, the Shipyard was entitled to a refund of compensation paid for approximately 104 weeks
 
 
 [4]
 On this point, the Board held that "(A)lthough employer had voluntarily paid compensation in the past, at the hearing it actively contended that claimant was not disabled at all." Floyd v. Savannah Machine & Shipyard Co., No. 79-138 (Benefits Review Bd. Oct. 25, 1979)
 
 
 [5]
 Section 28 provides as follows:
 (a) If the employer or carrier declines to pay any compensation on or before the thirtieth day after receiving written notice of a claim for compensation having been filed from the deputy commissioner, on the ground that there is no liability for compensation within the provisions of this chapter, and the person seeking benefits shall thereafter have utilized the services of an attorney at law in the successful prosecution of his claim, there shall be awarded, in addition to the award of compensation, in a compensation order, a reasonable attorney's fee against the employer or carrier in an amount approved by the deputy commissioner, Board, or court, as the case may be, which shall be paid directly by the employer or carrier to the attorney for the claimant in a lump sum after the compensation order becomes final.
 (b) If the employer or carrier pays or tenders payment of compensation without an award pursuant to section 914(a) and (b) of this title, and thereafter a controversy develops over the amount of additional compensation, if any, to which the employee may be entitled, the deputy commissioner or Board shall set the matter for an informal conference and following such conference the deputy commissioner or Board shall recommend in writing a disposition of the controversy. If the employer or carrier refuse to accept such written recommendation, within fourteen days after its receipt by them, they shall pay or tender to the employee in writing the additional compensation, if any, to which they believe the employee is entitled. If the employee refuses to accept such payment or tender of compensation, and thereafter utilizes the services of an attorney at law, and if the compensation thereafter awarded is greater than the amount paid or tendered by the employer or carrier, a reasonable attorney's fee based solely upon the difference between the amount awarded and the amount tendered or paid shall be awarded in addition to the amount of compensation. The foregoing sentence shall not apply if the controversy relates to degree or length of disability, and if the employer or carrier offers to submit the case for evaluation by physicians employed or selected by the Secretary, as authorized in section 907(e) of this title and offers to tender an amount of compensation based upon the degree or length of disability found by the independent medical report at such time as an evaluation of disability can be made. If the claimant is successful in review proceedings before the Board or court in any such case an award may be made in favor of the claimant and against the employer or carrier for a reasonable attorney's fee for claimant's counsel in accord with the above provisions. In all other cases any claim for legal services shall not be assessed against the employer or carrier.
 
 
 [6]
 One of the goals of workers compensation statutes is to provide prompt and certain payment of compensation to injured workers without protracted litigation. E. g., Louviere v. Shell Oil Co., 509 F.2d 278, 283 (5th Cir. 1975), cert. denied, 423 U.S. 1078, 96 S.Ct. 867, 47 L.Ed.2d 90 (1976). It would be illogical to force an employee to forego all compensation, however meager, in order to collect attorney's fees incurred to recover compensation wrongfully denied. Such a result would also be contrary to the well-established judicial policy of "resolv(ing) all doubts in favor of the employee and his family and (construing) the Act in favor of the employee for whose benefit it is primarily intended." Army & Air Force Exch. Serv. v. Greenwood, 585 F.2d 791, 794 (5th Cir. 1978)
 
 
 [7]
 Section 28(b) speaks of a controversy developing over the amount of additional compensation to which the employee may be entitled. But if, as the Shipyard urges, an employee must refuse all compensation in order to come under Section 28(b), there would be no need to specify additional compensation. Similarly, Section 28(b) speaks of the difference between the amount ultimately awarded the employee and the amount previously tendered or paid by the employer; obviously, the section contemplates coverage in cases in which the employer has paid, and hence the employee has accepted, partial compensation
 
 
 [8]
 The Director of the Office of Workers' Compensation Programs contends that under no circumstances may attorney's fees be awarded out of the Special Fund. Because we find that Section 28(b) authorizes payment by the employer, we have no need to reach the more difficult question of whether the Special Fund may ever be required to pay attorney's fees