Candy WOODS, Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; Louie Dreyfus Corporation, Crawford & Company, Respondents.

No. 01–71920.
BRB No. 01–0237, OWCP No. 14–120191.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 3, 2003.*

Decided Feb. 25, 2003.

Before KLEINFELD, MCKEOWN, Circuit Judges, and SHAPIRO,** District Judge.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Honorable Norma L. Shapiro, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

MEMORANDUM***

Candy Woods petitions for review of an order of the Benefits Review Board ("BRB") of the U.S. Department of Labor. The BRB reversed an administrative law judge's award of attorney's fees related to claims Woods filed pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWCA"). 33 U.S.C. § 901 *et seq.* We have jurisdiction under 33 U.S.C. § 921(c), and we review *de novo* the denial of attorney's fees. *Container Stevedoring Co. v. Director, OWCP*, 935 F.2d 1544, 1546 (9th Cir.1991). We affirm.

Section 928(b) of the LHWCA authorizes an award of attorney's fees to the employee "in cases where the existence or extent of liability is controverted and the employee-claimant succeeds in establishing liability or obtaining increased compensation in formal proceedings in which he or she is represented by counsel." *National Steel and Shipbuilding Co. v. United States Dep't of Labor, OWCP*, 606 F.2d 875, 882 (9th Cir.1979). This is not a case like *E.P. Paup Co. v. Director, OWCP*, 999 F.2d 1341, 1354 (9th Cir.1993), where the claimant "succeeded in the administrative proceedings in establishing . . . further liability," or like *Savannah Machine and Shipyard Company v. Director, OWCP*, 642 F.2d 887, 890 (5th Cir.1981), where the claimant "was ultimately awarded compensation exceeding that which the Shipyard admitted was due."

The record contains no evidence that the employer's advance payment made before Woods filed her claim was conditional or contingent in nature. Because the administrative law judge's award did not exceed

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the amount of the advance payment, Woods is not entitled to attorney's fees under the LHWCA. *See Matulic v. Director, OWCP,* 154 F.3d 1052, 1060 (9th Cir.1998). The order of the BRB is **AFFIRMED.**