**Russell EVERITT, Petitioner,**

**v.**

**DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; et al., Respondents.**

**Stevedoring Services of America; et al., Petitioners,**

**v.**

**Russell Everitt; et al., Respondents.**

**No. 02–74232, 02–74309.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 2004.

Decided Aug. 10, 2004.

---

Richard M. Slagle, Esq., Slagle, Morgan & Ellsworth, Seattle, WA, Michael F. Pozzi, Esq., Renton, WA, for Respondents/Petitioners.

Whitney Given, Mark S. Flynn, Esq., Joshua T. Gillelan, Carol DeDeo, Associate Solicitor, Thomas Shepard, Michael Niss, Washington, DC, Raymond H. Warns, Jr., Esq., Holmes, Weddle & Barcott, Mary Alice Theiler, Esq., Theiler Douglas, Drachler & McKee, LLP., Seattle, WA, for Respondents.

Before: TROTT, PAEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

Russell Patrick Everitt ("Everitt") petitions for review of the Benefits Review Board's ("Board") decision to modify an award of disability benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq.* Stevedoring Services of America and Homeport Insurance Company (collectively, "SSA") separately petition for review of an award of attorney's fees against them. We have jurisdiction pursuant to 33 U.S.C. § 921(c). We grant Everitt's petition for review and deny SSA's petition for review.[1]

We review the Board's decision for "errors of law and adherence to the substantial evidence standard, and may affirm on any basis contained in the record." *Brady–Hamilton Stevedore Co. v. Dir., OWCP (Anderson)*, 58 F.3d 419, 421 (9th Cir.1995) (citation and internal quotation marks omitted). In accordance with the remedial purposes of the LHWCA, we resolve all doubts in favor of the employee. *See Matulic v. Dir., OWCP*, 154 F.3d 1052, 1055 (9th Cir.1998).

## I

■ Everitt, SSA, and the Director of the Office of Workers' Compensation Programs ("Director") argue that the Board's decision creates a $277.27 discrepancy in monthly benefits that will go uncompensated unless the permanent partial disability award against Marine Terminals Corporation and Majestic Insurance Company (collectively, "MTC") is allowed to run concurrently with the temporary total disability award against SSA.[2] We agree.

The administrative law judge made the uncontested finding that Everitt's wages prior to the 1996 MTC injury were $1,955.01. Substantial evidence supports the Board's finding that Everitt's average weekly wages at the time of the 1997 SSA injury had diminished to $1,677.74.[3] However, despite the implied finding that Everitt suffered a continuing wage loss after the 1996 MTC injury, the Board inexplicably terminated the "permanent" partial disability award against MTC as of the time of the 1997 SSA injury.

MTC points out that the Board concluded that Everitt's 1996 MTC injury improved and that he "was no longer disabled by the time of the 1997 injury." However, the basis for this conclusion was the Board's erroneous comparison of Everitt's average weekly wage at the time of the 1997 SSA accident ($1,677.74) with his wage-earning capacity *after* the 1996 MTC injury ($1,328.51). Although this comparison may indicate that Everitt showed signs of improvement prior to the 1997 SSA accident, it does not reflect whether Everitt's condition had improved to *pre–1996 injury levels*. To determine the full im-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts of the case, we recite them only as necessary to explain our decision.

2. MTC did not challenge the permanent partial disability award between March 18, 1997 and October 14, 1997 before the Board, and that award is not at issue in this appeal.

The only issue on appeal is whether Everitt's permanent partial disability benefits should terminate as of October 14, 1997 or run concurrently with his temporary total disability benefits from SSA.

3. Substantial evidence also supports the Board's decision to categorize Everitt as a five-day worker, not a six-day worker, at the time of the 1997 SSA injury.

pact of the 1996 MTC injury on Everitt's subsequent wage-earning capacity, the Board should have looked at Everitt's average weekly wages *before* the 1996 MTC injury ($1,955.01). That comparison reveals that, at the time of the 1997 SSA accident, Everitt was still suffering a $277.27 loss in wage earning capacity attributable to the 1996 MTC accident. We agree with the Director that "Everitt had suffered a discrete, documented loss of earning capacity as a result of his 1996 injury at MTC." Accordingly, we conclude that the Board erred in terminating Everitt's permanent partial disability award.

■ MTC argues that, by allowing the permanent partial disability award against it to run concurrently with the temporary total disability award against SSA, we would violate the "last employer rule." We previously have held, however, that concurrent awards may be justified when a claimant suffers two discrete injuries. *See Stevedoring Servs. of Am. v. Price*, 366 F.3d 1045, 1052 (9th Cir.2004) (holding that "an employee who sustains more than one type of disability may receive more than one award"); *Stevedoring Servs. of Am. v. Dir., OWCP (Benjamin)*, 297 F.3d 797, 803 (9th Cir.2002) (holding that the last employer rule did not apply because "no case holds that two entirely separate injuries are to be treated as one when the first one causes, or is at least partially responsible for, a recognized disability"); *see also Hastings v. Earth Satellite Corp.*, 628 F.2d 85, 91 (D.C.Cir.1980).

Here, "the prior partial disability award compensates [Everitt] for the reduction in his wage-earning capacity from the first accident [$277.27], and the subsequent . . . total disability award compensates [Everitt] for what remains of his earning capaci-

ty after that accident [$1,677.74]." *Price*, 366 F.3d at 1052–53. Accordingly, we grant Everitt's petition for review and remand to the Board to allow the permanent partial disability award against MTC to run concurrently with the temporary total disability award against SSA.

## II

■ In its separate appeal, SSA challenges the allocation of the attorney's fees award between it and MTC. We review an attorney's fees award for an abuse of discretion. *Horphag Research Ltd. v. Pellegrini*, 337 F.3d 1036, 1042 (9th Cir.2003).

■ As the Board noted, Everitt obtained an inchoate right to "increased compensation" and was therefore entitled to an award of attorney's fees. *See E.P. Paup Co. v. Dir., OWCP*, 999 F.2d 1341, 1354 (9th Cir.1993). Although SSA may have paid compensation to Everitt, it also vigorously litigated several issues—including medical causation, the responsible employer, and Everitt's average weekly wage—and forced Everitt "to retain counsel to protect his interest." *See Savannah Mach. & Shipyard Co. v. Dir., OWCP*, 642 F.2d 887, 890 (5th Cir.1981) (affirming an award of attorney's fees where the employer paid compensation but "disputed the existence as well as the extent of [the employee's] disability" and the employee "was ultimately awarded compensation exceeding that which the [employer] admitted was due"). And contrary to SSA's contention, the Board did not abuse its discretion in awarding attorney's fees for work prior to the 1997 SSA accident, because SSA contested issues that related to the 1996 MTC injury. Accordingly, we deny SSA's petition for review of the award of attorney's fees.[4]

---

4. We reject SSA's contention that an informal conference and/or written recommendation is required for an employee to recover attorney's fees under § 928(b). *See Caine v. Wash.*

PETITION GRANTED in Case No. 02–74232; PETITION DENIED in Case No. 02–74309.

_Metro. Area Transit Auth._, 19 BRBS 180 (1986); _Nat'l Steel & Shipbuilding Co. v. U.S. Dep't of Labor_, 606 F.2d 875, 882 (9th Cir. 1979). Moreover, the fact that SSA paid compensation to Everitt does not preclude him from recovering attorney's fees. _See_

_Nat'l Steel_, 606 F.2d at 883; _Savannah Mach._, 642 F.2d at 889.

