**GENERAL DYNAMICS
CORPORATION,
Petitioner,**

v.

**Peter E. HORRIGAN and Director, Office of Workers' Compensation Programs, U.S. Department of Labor, Respondents.**

No. 87–1932.

United States Court of Appeals,
First Circuit.

Heard May 3, 1988.

Decided June 8, 1988.

William B. Koffel, with whom Foley, Hoag & Eliot, Boston, Mass., was on brief, for petitioner.

William T. Salisbury, Quincy, Mass., for respondent Peter E. Horrigan.

Before COFFIN and TORRUELLA, Circuit Judges, and FUSTE,* District Judge.

COFFIN, Circuit Judge.

Petitioner General Dynamics Corporation appeals from a final order of the Benefits Review Board ("the Board") of the Department of Labor awarding attorney's fees to respondent Peter Horrigan for work expended on respondent's unsuccessful claim

---

* Of the District of Puerto Rico, sitting by designa-tion.

of retaliatory discharge. The Board's decision reversed the ruling of the Administrative Law Judge ("ALJ") denying fees for that claim on which respondent was wholly unsuccessful. We deny enforcement of the Board's order, and remand with instructions to accept the findings of the ALJ.

The following facts are derived from the report of the ALJ. Respondent was one of the top crane operators in petitioner's Quincy, Massachusetts shipyard. He worked for General Dynamics from about September 1966 until February 12, 1982, the date on which his employment was terminated for cause. On October 16, 1980, respondent tripped over some scrap iron in the yard and seriously re-injured his left knee and left ankle. Respondent required extensive treatment, hospitalization, and rehabilitation for both the ankle and knee. In December 1981, respondent expressed his desire to return to work, and his surgeon gave him a medical certificate indicating his ability to work again without limitations.

Respondent returned to work, not at his previous place of employment, but instead at a rival ship and engine manufacturer, believing work there would be less strenuous on his knee. This new employment lasted only three weeks, due to continued pain in respondent's knee and ankle. On January 11, 1982, respondent returned to work at General Dynamics, fully expecting to fail the physical examination and be returned to compensation status. To claimant's surprise, he passed the physical exam and was cleared for a return to work.

On February 2, 1982, respondent was suspended from work by petitioner. Petitioner claimed that respondent had disobeyed company rules by working for the rival concern, withholding that information from General Dynamics, and falsifying his reason for absence between December 14th and January 11th. Respondent was discharged on February 12, 1982.

Because of his continuing pain, respondent remained unemployed at least until

the time of the ALJ hearing, with the exception of a three-week period during October 1982 when respondent attempted unsuccessfully to work as a rigger at another shipyard.

On April 15, 1983, respondent filed two separate claims against petitioner under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 *et seq.* ("the Act"). The first was a claim for disability benefits, in which respondent sought compensation for temporary total disability from the time of his discharge.[1] The other claim was made pursuant to section 49 of the Act, 33 U.S.C. § 948a, alleging that respondent was discriminatorily discharged because of his actual or threatened claim for disability compensation. We shall refer to this claim as the "Section 49 claim," or the "retaliation claim."

Petitioner moved to have separate hearings on the disability and retaliation claims, but the ALJ denied this motion for the sake of efficiency and convenience to the claimant. The claims were tried together before the ALJ.

On December 19, 1983, the ALJ ruled that the claimant had failed to prove temporary total disability on the first claim. The judge found, however, that claimant had suffered permanent loss of some function in his left lower extremity, and ruled that he was permanently partially disabled. Claimant was thus entitled to benefits under section 8(c) of the Act, 33 U.S.C. § 908(c). The ALJ found, however, that the employer had not discharged claimant in response to the claim for disability benefits. Instead, the ALJ found, respondent was fired because of his violations of company policy.

In a separate order, dated April 2, 1984, the ALJ awarded respondent partial attorney's fees. The ALJ granted fees for the successfully prosecuted disability claim, but denied fees on the Section 49 claim, which was "completely devoid of merit." In regard to the denial of fees for the retaliation claim, the ALJ explained:

1. Respondent did not seek compensation for the three-week period in October 1982 when he was otherwise employed.

[I]t must be noted that the Section 49 claim was consolidated with the compensation claim for hearing because it seemed more expeditious to hold one hearing rather than two hearings, especially in view of the fact that there were common witnesses for the prosecution of both claims who would have been required to testify at both hearings. Nonetheless, it is clear that a claim under Section 49 is a separate and distinct claim from one for compensation. It usually involves different facts than those relevant to a disability claim.

The ALJ estimated that counsel had devoted 40 percent of his time to the Section 49 claim, and thus awarded fees for only 60 percent of the hours worked.

The Benefits Review Board reversed the ALJ's denial of fees for prosecution of the unsuccessful claim. Correctly noting that "[i]t is improper to limit the fee only to work performed on *issues* on which claimant prevails (emphasis added)," the Board went on to extend that principle from issues to claims, stating simply:

The Board has allowed an attorney's fee for work performed on an unsuccessful discrimination claim where claimant has prevailed in obtaining disability compensation. *Nooner v. National Steel & Shipbuilding Co.,* 19 BRBS 43 (1986); *Battle v. A.J. Ellis Construction Co.,* 16 BRBS 329 (1984). Therefore, the fact that claimant did not prevail on the Section 49 claim in the instant case does not preclude a fee for work on that issue.

For an explication of the Board's reasoning, it is necessary to turn to the *Battle* case cited by the Board. There, the ALJ had awarded full fees for both the disability and the unsuccessful retaliation claims. The Board affirmed the award of fees. The Board made analogy to cases in which claimants had prevailed only on some *issues,* reasoning that "[i]n most cases, the issues are too interrelated to permit allocation of the fee between successful and unsuccessful issues. Therefore, in this case the fact that claimant did not prevail on Section 49 does not *preclude* a fee for work on that issue." 16 BRBS at 331

(emphasis supplied) (footnote omitted). The employer in *Battle* argued that its case was distinguishable, because the Section 49 claim required a separate hearing and constituted "a separate claim rather than a related issue." *Id.* at 332. The Board rejected this argument:

Although a separate hearing was held, the Section 49 issue was decided in the same decision and order as the disability issue and arose because of evidence presented at the first hearing. Accordingly, we hold that work on it was related and compensable.

*Id.*

In *Nooner,* the Board merely cited *Battle* as authority for once again affirming an ALJ's award of fees on an unsuccessful yet related Section 49 claim. The only other case to come to our attention is that now before us, where, for the first time, the Board has *reversed* an ALJ, and awarded fees despite a finding that the claims were not interrelated. The Board's standard in *Battle* seems, then, to have been transformed *sub silentio* from a rule that an ALJ should not be *precluded* from granting fees on an unsuccessful claim where that claim is intertwined with the successful claim, to a rule that the ALJ is *constrained* to award such a fee on the *presumption* that the claims are sufficiently related.

Apparently we are the first appellate court to reach this precise issue. Therefore, we are working on a blank slate. The applicable attorney's fee statute is not very helpful. It reads in pertinent part: "[If] the person seeking benefits shall ... have utilized the services of an attorney at law in the successful prosecution of his claim [for compensation], there shall be awarded, in addition to the award of compensation, ... a reasonable attorney's fee against the employer...." 33 U.S.C. § 928(a). The House Report accompanying the Act elucidated a bit more: "Attorneys fees may only be awarded against an employer where the claimant succeeds, and the fees awarded are to be based on the amount by which the compensation payable is increased as a result of the litigation." H.R.

1441, 92d Cong., 2d Sess. (1972), *reprinted in* 1972 U.S. Code Cong. & Admin.News 4698, 4706.

In the instant case, and those like it, the claimant "succeeds" on the disability claim and fails to "succeed" on the Section 49 claim. The claimant, in other words, achieves partial compensation, and partial success.

■ We see no reason why attorney's fees under this statute should be treated any differently than under statutes authorizing fees to a "prevailing party." Those statutes are governed by the general rules announced in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). *See id.* at 433 n. 7, 103 S.Ct. at 1939 n. 7 (*Hensley* standards generally applicable in all cases where Congress has authorized fees to "prevailing party"). We reproduce the reasoning of the Supreme Court in some detail, as guidance for decisions in this area:

In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, even where the claims are brought against the same defendants[,] ... counsel's work on one claim will be unrelated to his work on another claim. Accordingly, work on an unsuccessful claim cannot be deemed to have been "expended in pursuit of the ultimate result achieved." The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim.

It may well be that cases involving such unrelated claims are unlikely to arise with great frequency.... In [some] cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the

district court [or ALJ] should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

*Id.* at 434–35, 103 S.Ct. at 1939–40 (citations and footnotes omitted). The fee should not be derived through any mechanical formula. *Id.* at 438, 103 S.Ct. at 1942. It is an equitable judgment entrusted to the discretion of the factfinder, to be made on the basis of all the circumstances of the litigation. *Id.* at 437, 103 S.Ct. at 1941.

■ Where it would be an "exercise in futility" to separate out the legal services rendered for each claim, *see Garrity v. Sununu*, 752 F.2d 727, 735 (1st Cir.1984), the fee should simply be determined as a function of degree of success.

■ We reject any hard and fast rule with respect to jointly filed claims of disability and retaliatory discharge under the Longshore and Harbor Workers' Compensation Act. The Board was mistaken to assume that there is a presumption of interrelatedness sufficient to award fees on both claims. There may be times when the claims are "virtually indistinct." *See Conservation Law Foundation of New England, Inc. v. Secretary of the Interior*, 790 F.2d 965, 970 (1st Cir.1986). Much of the litigation may involve a "common core of facts," such that counsel's work time cannot be said to be severable in any meaningful sense. But just as likely, the claims

may be readily severable. Unlike a civil rights action based on two different legal theories but one common set of facts, *see, e.g., Garrity, supra,* claims for disability and retaliatory discharge will often involve very disparate legal theories *and* factual situations. The disability claim will frequently be centered on medical testimony and evidence, while the Section 49 claim often will concern actions occurring after the injury at the place of employment. The witnesses, evidence, and legal preparation may be wholly distinct. Although some of the preparation may be material to both claims (e.g., discussions with the plaintiff, preparations for the plaintiff's testimony), much of it will be readily demarcated between claims.

■ Where, as here, the claims are adjudicated in a single, joint hearing, counsel's fees for the hearing itself might be awarded without regard to the differential success of the claims. But preparatory work might be more easily separable much of the time, particularly where, as here, the claims were filed separately and could have been separated for hearing.[2] If such differentiation can be determined, partial success should mean partial fees.

These determinations are best left to the trial judge, in this case the ALJ. The Supreme Court emphasized that, because of the equitable nature of this determination, the factfinder's discretion should be broad. *Hensley,* 461 U.S. at 437, 103 S.Ct. at 1941. "This is appropriate in view of the [factfinder's] superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Id. See also Garrity,* 752 F.2d at 735.

■ In the instant case, the ALJ noted that the two claims were consolidated for hearing in the interests of expedition because there were "common witnesses for the prosecution of both claims," principally, we suspect, the claimant himself. The ALJ then spoke in general terms: "[I]t is clear that *a* claim under Section 49 is a separate

and distinct claim from one for compensation." (Emphasis added.) Nonetheless it is apparent that the ALJ did consider the particular claims in this case, and found them separate and distinct. The record manifests the separateness of the events and evidence at issue in the two claims. The critical events relating to the Section 49 claim occurred between December 13, 1981 and February 12, 1982, and had little or nothing to do with the focus of the disability claim, i.e., the nature and extent of claimant's injuries.

The ALJ methodically scrutinized—and reduced—total hours expended, noting that the issues were not complicated and counsel was experienced. He then considered counsel's estimate that the Section 49 claim accounted for 25 percent of counsel's time, but concluded from his "review of the entire record" that at least 40 percent of the time was spent on the Section 49 claim. He was also able to identify and deduct the particular costs attributable to transcripts of testimony relating to the retaliation claim.

The ALJ honored Congress' intention that fees should be awarded "based on the amount by which the compensation payble is increased as a result of litigation." The Section 49 claim did not increase respondent's compensation at all. The determination of the ALJ must be accorded a broad degree of deference. "The findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole." 33 U.S.C. § 921(b)(3). The Board "may not engage in de novo review and substitute its findings for the ALJ's." *Prolerized New England Co. v. Benefits Review Board,* 637 F.2d 30, 35 (1st Cir. 1980).

*Enforcement denied. Remanded for further proceedings consistent with this opinion. Each party to bear its own costs.*

---

2. We do not mean to suggest that separate or coordinated hearings are dispositive one way or the other—they might merely be material in

determining whether counsel's time can be differentiated amongst various claims.