**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Petitioner,**

v.

**James BACA, Respondent.**

No. 90–9512.

United States Court of Appeals, Tenth Circuit.

March 7, 1991.

---

Robert P. Davis, Sol. of Labor, Donald S. Shire, Associate Sol., for Black Lung Benefits, Barbara J. Johnson, Counsel for Appellate Litigation, and Patricia M. Nece, Atty., U.S. Dept. of Labor, on the brief, for petitioner.

James R. Collins, Denver, Colo., for respondent.

Before ANDERSON, TACHA, and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

The Director of the Office of Workers' Compensation Programs (OWCP) seeks review of a United States Department of Labor Benefits Review Board (the Board) order affirming an administrative law judge's (ALJ) attorneys fee award. We have jurisdiction to consider this appeal pursuant to 30 U.S.C. § 932(a) and 33 U.S.C. § 921(c). Because we conclude the Board's interpretation of the relevant statute is contrary to its plain language, we reverse.[1]

James Baca filed a claim for black lung disability benefits under Part C of the Black Lung Benefits Act, 30 U.S.C. §§ 901–945, (the Act) on January 30, 1981. Prior to filing this claim, Baca had been awarded Part B disability benefits and Part C medical benefits. The Part B benefits, however, were offset for substantial excess earnings Baca was receiving from non-coal mining employment until he left that employment in 1983.

After several administrative proceedings, Baca and OWCP entered into a stipulation on June 5, 1985. Baca stated his intention not to pursue recovery of the offset benefits (the apparent purpose in filing his Part C claim) and acknowledged he would continue to receive his Part B benefits in the future. Consequently, Baca was left in exactly the same position as he was before he filed his 1981 claim.

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Following the June 5 meeting, Baca submitted an application for attorneys fees to the ALJ. OWCP objected to any fee award because Baca had not successfully litigated the 1981 claim. The ALJ agreed with OWCP's position and refused to award attorneys fees. Baca appealed this decision to the Board, which reversed the ALJ's decision and remanded the case to determine the proper amount to be awarded. The Board concluded Baca was entitled to fees because he reasonably believed he had a valid claim for additional benefits.

■] The Black Lung Benefits Act incorporates several provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950 (the Longshore Act), including the provision relating to the award of attorney fees, 33 U.S.C. § 928(a). 30 U.S.C. § 932(a). The Board's interpretation of section 928(a) is entitled to no deference from this court. *Potomac Elec. Power Co. v. Director, OWCP*, 449 U.S. 268, 278 n. 18, 101 S.Ct. 509, 514 n. 18, 66 L.Ed.2d 446 (1980). The court in *Williams Bros., Inc. v. Pate*, 833 F.2d 261, 265 (11th Cir.1987), noted: "The Board is a quasi-judicial body which is empowered to resolve legal issues, but not to engage in overall administration through rule-making." Our review is therefore plenary.

■ The Board's reading of section 928(a) to permit a fee award if the claimant reasonably believed he had a valid claim is contrary to the statute's plain language. Section 928(a) authorizes an award of attorneys fees only if the claimant "utilized the services of an attorney at law in the *successful prosecution* of his claim...." (emphasis added). The clear and unambiguous language of this provision compels only one interpretation: attorneys fees may be recovered only if the claimant receives increased compensation or other benefit from the action. *See United States Dep't of Labor v. Triplett,* — U.S. —, 110 S.Ct. 1428, 1430, 108 L.Ed.2d 701 (1990) ("the Act provides that when the claimant wins a contested case the employer, his insurer, or ... the Black Lung Disability Trust Fund shall pay a 'reasonable attorney's fee' to claimant's lawyer."); *General Dynamics*

*Corp. v. Horrigan*, 848 F.2d 321, 324–26 (1st Cir.) (court upheld ALJ's denial of fees where claimant failed to establish retaliatory discharge under section 49 of the Longshore Act), *cert. denied*, 488 U.S. 992, 109 S.Ct. 554, 102 L.Ed.2d 581 (1988); *Davis v. United States Dep't of Labor*, 646 F.2d 609, 613 (D.C.Cir.1980) (attorneys fees recoverable only if claimant prevails). Because the statute is unambiguous, its language controls. *See Glenpool Util. Serv. Auth. v. Creek County Rural Water Dist. No. 2*, 861 F.2d 1211, 1214 (10th Cir.1988), *cert. denied*, 490 U.S. 1067, 109 S.Ct. 2068, 104 L.Ed.2d 633 (1989). The Board's "reasonable belief" interpretation is contrary to the clear statutory language and thus cannot be upheld. Because Baca received no benefit from pursuing his 1981 claim, he is not entitled to attorneys fees.

The legislative history of the Longshore Act supports our conclusion. The House report accompanying this Act summarizes the purpose of section 928(a) as follows:

> Attorneys fees may only be awarded against the employer where the claimant succeeds, and the fees awarded are to be based on the amount by which the compensation payable is increased as a result of litigation. Attorneys fees may not be assessed against employers (or carriers) in other cases.

H.R.Rep. No. 1441, 92d Cong., 2d Sess. (1972), *reprinted in* 1972 U.S.Code Cong. & Admin.News 4698, 4706. This report reinforces the unambiguous language of the statute: attorneys fees may only be awarded when the claimant has gained some economic benefit. We REVERSE and REMAND for further proceedings consistent with this opinion. The mandate shall issue forthwith.