**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NEWPORT NEWS SHIPBUILDING AND
DRY DOCK COMPANY,
Petitioner,

v.

No. 96-2547

JOHN T. FIRTH; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(95-984-BLA)

Submitted: January 13, 1998

Decided: January 28, 1998

Before MURNAGHAN and ERVIN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Lawrence P. Postol, SEYFARTH, SHAW, FAIRWEATHER & GER-
ALDSON, Washington, D.C., for Petitioner. Burt M. Morewitz, New-
port News, Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Newport News Shipbuilding and Dry Dock Company ("Newport News") appeals an award of attorney's fees to its employee John T. Firth, under the Longshore and Harbor Workers' Compensation Act (the "Act"), 33 U.S.C.A. §§ 901-950 (West 1986 & Supp. 1997). We previously granted Newport News' motion to waive oral argument, and we now vacate and remand.

Firth injured his left hand while on the job on July 14, 1975. Newport News voluntarily provided Firth with medical treatment and paid temporary total disability benefits under the Act. Firth injured his right hand while on the job around January 3, 1984. Newport News again voluntarily paid medical benefits and temporary total disability.

Firth filed a claim for disability benefits on July 24, 1984. On August 9, Newport News filed notices of controversion regarding "extent of permanent disability," "extent of temporary disability," and "average weekly wage." On April 1, 1986, the Department of Labor conducted an informal conference. The issues were "average weekly wage" and "extent of disability." Firth's claims were denied.

In July 1986, Firth developed an unrelated cardiac problem. Shortly thereafter, Firth sought a hearing with an Administrative Law Judge ("ALJ"). It is at this point in time that his attorney began the services detailed in his fee petitions. The hearing was scheduled for February 12, 1987.

On January 29, 1987, at Newport News' request, Dr. Frank McCue, III, rated Firth as having permanent partial disability of ten percent of each hand. Thereafter, on February 10, Newport News paid permanent partial disability benefits based on this rating.

2

At the hearing, Firth sought compensation for fifteen percent permanent partial disability, additional periods of temporary total disability, miscalculation of his 1984 compensation rate, and permanent total disability based on a combination of his hand injuries and cardiac problems. On July 17, the ALJ denied all of Firth's claims and determined that Firth's permanent partial disability was properly rated at ten percent. The ALJ also concluded that Firth was entitled to a fee award because Newport News did not pay the permanent partial disability benefits "until well after the claim was filed, and, indeed, until just prior to the oral hearing herein." The ALJ further reasoned that Firth's claim for benefits was "successful," because Firth "received nearly $8,800.00 in permanent partial disability compensation." In a supplemental decision filed on December 14, the ALJ [1] ordered Newport News to pay attorney's fees of $3875, reflecting all hours logged prior to the hearing, as this work produced "something of value for Claimant, namely the payments for 10% impairment of each hand."

Firth appealed the ALJ's denial of his claims, and Newport News cross-appealed the fee award. The Benefits Review Board ("BRB") affirmed the denial of permanent total and temporary total disability. The BRB modified the ALJ's decision to reflect a higher 1984 average weekly wage on the second hand injury and remanded for a determination of penalties. Next, the BRB affirmed the fee award, because "voluntary payment of benefits just prior to the formal hearing in this matter is insufficient to relieve [Newport News] of liability for claimant's attorney's fees." In light of Firth's success on the average weekly wage issue, the BRB vacated the ALJ's finding that Newport News was not liable for fees during and after the hearing and remanded for consideration of an additional fee award. Finally, the BRB made an additional award of $3562.50 in attorney's fees for counsel's representation on appeal.

On remand, the ALJ, finding that "commonality" existed between the permanent partial disability claim (on which Firth prevailed) and the permanent total disability claim (on which he lost), awarded counsel a fee for all time spent on Firth's case: $10,293.75 (which included the previous award of $3875). On February 15, 1995, New-

---

[1] Judge Bradley, who issued the July 17 decision, retired. The December 14 order was authored by Judge von Brand.

3

port News again appealed to the BRB, which summarily affirmed.**2** Newport News appeals and argues that the attorney's fees awards by the ALJ and the BRB were improper because they awarded fees for Firth's counsel's entire work on the case even though many issues raised did not result in a "successful prosecution."

Our review of the BRB's decision is limited. The BRB's decision must be affirmed unless it is either unsupported by substantial evidence or contrary to applicable law. See Todd Shipyards Corp. v. Director, Office of Workers' Compensation Programs , 950 F.2d 607, 610 (9th Cir. 1991). However, while an agency's interpretation of statutory provisions and regulations is entitled to deference, courts are the final authority on issues of statutory construction. Administrative constructions which are contrary to congressional intent must be rejected. See id.; see also Hicks v. Cantrell, 803 F.2d 789, 792 (4th Cir. 1986) (discussing Federal Supplemental Compensation Act).

In Holliday v. Todd Shipyards Corp., 654 F.2d 415, 418 (5th Cir. Unit A Aug. 1981), overruled on other grounds , Phillips v. Marine Concrete Structures, Inc., 895 F.2d 1033 (5th Cir. 1990), the Fifth Circuit noted that "[s]ection 28 does not provide for attorneys' fee awards in every case in which the claimant is successful." Section 928(b) provides for an award of attorney's fees when the "employer tenders partial compensation but refuses to pay the total amount claimed by the claimant, and the claimant uses the services of an attorney to successfully recover the total amount claimed." Savannah Mach. & Shipyard Co. v. Director, Office of Workers' Compensation Programs, 642 F.2d 887, 889 (5th Cir. Unit B Apr. 1981). Where the employer has not contested the claim within the meaning of the statute, the claimant is not entitled to attorney's fees. Holliday, 654 F.2d at 419.

_____

**2** The BRB never addressed the merits of the appeal. On September 12, 1996, the BRB sent the parties a notice stating that pursuant to the provisions of Public Law Number 104-134, enacted on April 26, 1996, all appeals to the BRB relating to claims under the Act were deemed to have been affirmed if the case had been pending before the BRB for one year by September 12, 1996. Because Firth's appeal met these criteria, the BRB informed the parties that the ALJ's decision had been effectively affirmed by the BRB on September 12, 1996, for purposes of their rights to obtain review in this court.

4

Section 928(b) states as follows:

> If the employer or carrier pays or tenders payment of compensation without an award . . . and thereafter a controversy develops over the amount of additional compensation, if any, to which the employee may be entitled, the deputy commissioner or Board shall set the matter for an informal conference and following such conference the deputy commissioner or Board shall recommend in writing a disposition of the controversy. If the employer or carrier refuse[s] to accept such written recommendation, within fourteen days after its receipt by them, they shall pay or tender to the employee in writing the additional compensation, if any, to which they believe the employee is entitled. If the employee refuses to accept such payment or tender of compensation, and thereafter utilizes the services of an attorney at law, and if the compensation thereafter awarded is greater than the amount paid or tendered by the employer or carrier, a reasonable attorney's fee based solely upon the difference between the amount awarded and the amount tendered or paid shall be awarded in addition to the amount of compensation . . . . If the claimant is successful in review proceedings before the Board or court in any such case an award may be made in favor of the claimant and against the employer or carrier for a reasonable attorney's fee for claimant's counsel in accord with the above provisions. In all other cases any claim for legal services shall not be assessed against the employer or carrier.

The statute authorizes an attorney's fee award against an employer when the existence or extent of liability is controverted and the claimant succeeds in establishing liability or obtaining increased compensation in formal proceedings. See National Steel v. U.S. Dep't of Labor, 606 F.2d 875, 882 (9th Cir. 1979); see also H.R. Rep. No. 92-1441 (1972), reprinted in 1972 U.S.C.C.A.N. 4698, 4706, 4717.

Turning first to the award of December 1987 for fees incurred prior to the hearing, the ALJ granted these fees due to counsel's success in securing payment for permanent partial disability of ten percent in each hand. The BRB affirmed the award on this reasoning. However,

5

no recommendations were ever issued by the BRB or by the Commissioner regarding proper payment, and Firth's claims at the informal conference level were denied.**3** It is unclear how the extent of permanent partial disability was raised at the informal conference stage,**4** but the record shows that no doctor rated Firth's hand injury until Dr. McCue examined Firth at Newport News' request in January 1987. Approximately a week and a half later, Newport News sent Firth permanent partial disability benefits based on Dr. McCue's ten percent rating.

We find that Newport News never controverted the ten percent rating. Within two weeks of the date this rating was established, Newport News paid permanent partial disability benefits. Furthermore, we find that before Dr. McCue's rating there was no disputed claim. Before this time, Firth failed to obtain a rating of his disability, so there was nothing for Newport News to dispute. In addition, this claim was never disputed in formal proceedings, because the claim was paid before the ALJ hearing. While Firth continued to assert that he was entitled to a higher disability rating, that claim was rejected and has not been appealed. Since the correct rating was never controverted and no formal proceeding was held on this issue, we find that the statute is inapplicable and does not provide a basis for the ALJ's initial fee award.**5**

_____

**3** Because Newport News did not ignore any recommendation at the informal conference stage, the statute on its face appears inapplicable to support any fees based on these permanent partial disability benefits. Nonetheless, notwithstanding the statute, written recommendations are not a necessary precondition to fee liability, because the congressional intent was to limit liability to cases in which the parties disputed the existence or extent of liability, whether or not the employer had actually rejected an administrative recommendation. See National Steel, 606 F.2d at 882.

**4** Newport News disputed the "extent" of Firth's permanent partial disability. It is not clear, however, what the opposing views of the parties were at this stage in the proceedings.

**5** While the ALJ's basis for the award was incorrect, Firth did successfully prosecute the average weekly wage issue and, as discussed below, may be entitled to attorney's fees for some of the time reasonably expended before the hearing and related to this issue.

We now turn to the remainder of the fee awards, which were based on Firth's success on the average weekly wage issue and on the "commonality" between Firth's claims. It is beyond question, and Newport News agrees, that Firth is entitled to attorney's fees for time spent on the average weekly wage issue. Further, Firth's counsel is entitled to reimbursement for time expended on defending the fee award. See Anderson v. Director, Office of Workers' Compensation Programs, 91 F.3d 1322, 1325 (9th Cir. 1996). However, Newport News asserts that the fee awards should be reduced by the time spent on issues which Firth lost.

In determining whether a claimant who prevails on only some issues may recover attorney's fees, a two step inquiry is appropriate: first, whether the losing claims were related to the winning claims, and second, whether the level of success was proportional to the efforts expended by counsel. See George Hyman Constr. Co. v. Brooks, 963 F.2d 1532, 1535 (D.C. Cir. 1992); see also General Dynamics Corp. v. Horrigan, 848 F.2d 321, 325 (1st Cir. 1988) (if claims are separable, the fee should be derived through equitable judgment). Addressing the first inquiry, the factfinder is obliged to determine whether the successful and unsuccessful claims share a common core of facts or are based on related legal theories. See George Hyman, 963 F.2d at 1537.

In the instant case, the ALJ's 1994 award was based on the determination that the issues of permanent partial disability and total permanent disability were sufficiently related to allow a fee award representing all of counsel's time during the hearing and subsequently. However, as discussed above, Firth did not successfully prosecute the permanent partial disability claim: Newport News voluntarily paid these benefits once a disability rating was established. Therefore, the ALJ addressed the incorrect issue. On remand, the ALJ should instead focus on whether the issue of average weekly wage (the only issue which Firth won) and the remainder of Firth's claims were sufficiently related to permit a fee award representing all of counsel's time.

The BRB's award was properly based on the successful litigation of the average weekly wage issue. However, the BRB explicitly

7

declined to limit the award only to work performed on this issue.**6** The BRB was required to determine if the successful and unsuccessful claims shared a common core of facts or were based on related legal theories. See Hensley v. Eckerhart, 461 U.S. 424, 434-35 (1983) (addressing the Civil Rights Attorney's Fees Awards Act); George Hyman, 963 F.2d at 1537. From the record on appeal, we are unable to make this determination as a matter of law. Further, the paucity of the record regarding which fees were expended for which issue make the second inquiry, that of reasonableness, likewise impossible to calculate on the present record.

Thus, we vacate the BRB's orders affirming the ALJ's fee award and awarding fees for work done on appeal. We direct the BRB to reconsider the issue of attorney's fees in a manner consistent with this opinion. We also direct the BRB to vacate the ALJ's fee award and remand the case to the ALJ for further fact-finding consistent with this opinion.

VACATED AND REMANDED

_____

**6** In so doing, the BRB stated that George Hyman was inapplicable, because it dealt with different claims rather than different issues. We disagree with the BRB's reading of George Hyman . See 963 F.2d at 1536-38 (using the words "claim" and "issue" interchangeably). Further, here there actually were two claims (one for each hand) and the average weekly wage issue (the only issue Firth prevailed upon) was applicable to only one claim.

8