# United States Court of Appeals
## For the First Circuit

No. 18-1225

LUIS PEÑA-GARCIA,

Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR; CALZADILLA CONSTRUCTION CORPORATION; IMS INSURANCE COMPANY OF PUERTO RICO,

Respondents.

PETITION FOR REVIEW OF A FINAL ORDER OF THE BENEFITS REVIEW BOARD, UNITED STATES DEPARTMENT OF LABOR

Before

Howard, Chief Judge,
Lynch and Lipez, Circuit Judges.

Emilio F. Soler on brief for petitioner.
Manuel Porro-Vizcarra and Manuel Porro-Vizcarra Law Offices on brief for respondents Calzadilla Construction Corporation and IMS Insurance Company of Puerto Rico.

March 1, 2019

**LYNCH**, **Circuit Judge**.  This case raises the question of what is a "successful prosecution" in a claim for benefits under the Longshore and Harbor Workers' Compensation Act (LHWCA), so as to warrant an award of attorney's fees to a claimant.  See 33 U.S.C. § 928.

After suffering a disabling back injury in 1994 while working for Calzadilla Construction Corporation (Calzadilla) in Puerto Rico, Luis Peña-Garcia (Peña) sought coverage for spinal surgery.  Calzadilla's insurer, IMS Insurance Company of Puerto Rico (IMS), said it would pay for such surgery in Puerto Rico, where Peña's surgeon was willing and able to perform it.  Peña rejected that and said the surgery must be at Beth Israel Spine Institute in New York.  Peña then filed a claim for medical compensation for surgery in New York against Calzadilla and IMS under the LHWCA.  33 U.S.C. § 901 et seq.

An LHWCA administrative law judge (ALJ) determined that Calzadilla and IMS had never refused to pay for the surgery and rejected Peña's claim that it was necessary to perform his surgery in New York.  Consequently, the ALJ later held that Peña was not entitled to attorney's fees and costs.  The U.S. Department of Labor Benefits Review Board (the Board) affirmed the denial of attorney's fees and costs.  Finding no error, we deny Peña's petition for review.

A. Facts

The pertinent facts are not disputed. At all relevant times, Peña lived and worked in Puerto Rico. Peña's back injury at Calzadilla left him totally and permanently disabled. Calzadilla and IMS accepted liability for Peña's injury and began paying him medical benefits even before he made the claim at issue here.

On March 15, 2010, Peña saw an orthopedic surgeon, Dr. Luis Pio Sánchez-Caso (Dr. Sánchez), who recommended that Peña undergo a laminectomy decompression, a "complex spine reconstruction" surgery. Dr. Sánchez was willing and able to perform the surgery at San Pablo Hospital in Puerto Rico. Dr. Sánchez, though not board-certified, had post-graduate training in the area of orthopedic surgery, had performed spinal surgeries since 1998, and had previously performed the surgery that Peña needed in Puerto Rico. Peña could also obtain the rehabilitation he needed from two HealthSouth locations in Puerto Rico. The medical director of HealthSouth, Dr. Edward Ramos, was board-certified in physical medicine and in rehabilitation with a spinal cord injury medicine subspecialty.

Peña wanted instead to have the spinal surgery at Beth Israel Spine Institute in New York because it is "close to [his] family" and has "a record of being the best institution." In a

letter to Peña's attorney, dated April 13, 2010, IMS rejected that request and stated:

> Please be advised that we can not cover your client's surgery outside of Puerto Rico. He has been examined and evaluated by a competent surgeon, Dr. S[á]nchez[-]Caso, who recommended the surgery in Puerto Rico, at the San Pablo Hospital.
>
> Additionally, our decision is based on the fact that Mr. Peña and his immediate family continue to reside in Puerto Rico, and, Mr. Peña's recovery time will be approximately three months to one year and he will need considerable family assistance during his recovery. Under these circumstances, we must respectfully deny Mr. Peña's request to undergo his surgery outside Puerto Rico.

B.    Procedural History

On October 13, 2010, Peña submitted a claim to the Director of the Office of Workers' Compensation Programs (the Director) against Calzadilla and IMS under the LHWCA, on the ground that IMS's refusal to pay for spinal surgery in New York violated the LHWCA's requirement that "[t]he employer shall furnish such medical, surgical, and other attendance or treatment . . . for such period as the nature of the injury or the process of recovery may require." 33 U.S.C. § 907(a). The Director referred the case to the Office of Administrative Law Judges. After the parties tried unsuccessfully to settle the matter, an ALJ held a hearing on September 17, 2015. At the hearing, IMS did not dispute that

- 4 -

Peña was entitled to medical benefits from Calzadilla due to his back injury, including for surgery in Puerto Rico.

On March 22, 2016, the ALJ ordered Calzadilla and IMS to "furnish to [Peña], such reasonable, appropriate, and necessary medical care and treatment as his back and neck injury which occurred on May 16, 1994, may require, including spinal surgery and post-surgery care such as rehabilitation." The ALJ's decision further stated that Calzadilla "will be liable only for the medical costs and incidental expenses associated with obtaining such care and treatment in Puerto Rico, regardless of where [Peña] chooses to obtain such care and treatment." Peña could, of course, have the surgery done in New York, but he would then be responsible for whatever additional expenses he incurred.

Peña's attorney then submitted a request to the ALJ for $60,515 in attorney's fees and $4,000 in fees for Peña's treating physician who had testified at the hearing. His argument was based on the assertion that Peña had successfully prosecuted the earlier claim before the ALJ, on the theory that his claim had been a victory because he had obtained what he called his right to choose to have the surgery in New York.

On August 3, 2016, the ALJ issued a supplemental decision and order denying the request for attorney's fees and costs. The ALJ stated that Peña had not obtained a "successful prosecution," which is required to recover attorney's fees and costs under the

LHWCA, because IMS "has been paying compensation to [Peña] prior to the hearing and has not refused to pay for [Peña's] surgery in Puerto Rico." The ALJ also noted that "[t]here is no evidence that [IMS] at any point . . . refused to cover any portion of [Peña's] surgery if it were performed outside Puerto Rico."[1] The ALJ added, "[h]ad [IMS] asserted that it would refuse to pay for any portion of [Peña's] surgery and rehabilitation if it were performed in New York, [Peña] would have been successful in litigating his case." The ALJ determined that Peña "did not gain any additional benefit above [and] beyond what he would have received had he not initiated this claim."

On September 2, 2016, Peña filed a petition for reconsideration on the issue of attorney's fees and costs. The ALJ denied the petition on October 5, 2016. Peña appealed the denial of attorney's fees and costs to the Board, which affirmed the ALJ's decision on September 13, 2017. The Board stated that Peña's self-proposed "'right to choose' to have the surgery in New York is not a 'victory' under the [LHWCA], because [the] employer's liability is limited to the cost of surgery and rehabilitation in Puerto Rico, which [the] employer had agreed to before the proceedings were initiated." The Board determined that Peña "did not obtain a tangible benefit that [the] employer had denied him."

---

[1] Peña did not challenge this finding before the Board.

- 6 -

On January 16, 2018, the Board denied Peña's motion for reconsideration. Peña then petitioned this court for review of the Board's decision.

## II.

"This court reviews the [Board's] decision on legal issues de novo and determines whether the Board adhered to the 'substantial evidence' standard when it reviewed the ALJ's factual findings." Bath Iron Works v. Brown, 194 F.3d 1, 3 (1st Cir. 1999). "In reviewing for substantial evidence, we assess the record as a whole, and we will affirm so long as we are satisfied that the record contains 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Bath Iron Works Corp. v. U.S. Dep't of Labor, 336 F.3d 51, 56 (1st Cir. 2003) (quoting Sprague v. Dir., Office of Workers' Comp. Programs, U.S. Dept. of Labor, 688 F.2d 862, 865 (1st Cir. 1982)).

The LHWCA grants attorney's fees in two situations. 33 U.S.C. § 928(a)-(b). Under subsection (a) of the LHWCA's fee provision, attorney's fees "shall be awarded" to a claimant when the employer "declines to pay any compensation . . . on the ground that there is no liability" and the claimant "utilize[s] the services of an attorney at law in the successful prosecution of his claim." Id. § 928(a). Under subsection (b), if the employer accepts liability but the parties dispute the amount of "compensation" and the claimant "utilizes the services of an

- 7 -

attorney," the claimant "shall be awarded" attorney's fees if "compensation thereafter awarded is greater than the amount paid or tendered by the employer or carrier."[2]  Id. § 928(b).

The Board's decision is both correct and supported by substantial evidence.  Peña makes an argument under subsection (a) that he obtained a "successful prosecution" because Calzadilla and IMS "raised a complete challenge to [his] request for treatment in New York."  The argument is wrong.  Subsection (a) is triggered only when the employer or insurance carrier denies liability and refuses to pay the claimant "any compensation."  Id. § 928(a).  In fact, IMS was paying Peña some compensation in the form of medical benefits before this claim was initiated, calling into question whether subsection (a) applies at all.  But we bypass that question to address the surgery compensation issue.  The employer's actions here do not amount to a refusal to pay "any compensation."  See id.  There is no evidence that Calzadilla and IMS refused to cover the cost of the surgery in Puerto Rico.

Peña's argument under subsection (b) also fails.  He mischaracterizes the ALJ's decision both as confirming his "right

---

[2]     As to costs, the LHWCA provides that "[i]n cases where an attorney's fee is awarded against an employer or carrier there may be further assessed against such employer or carrier as costs, fees and mileage for necessary witnesses attending the hearing at the instance of claimant."  33 U.S.C. § 928(d).

to choose surgery/rehabilitation treatment in New York" and as an award of "additional compensation." Subsection (b) requires that Peña show that the "additional compensation" awarded after he filed his claim was "greater than the amount paid or tendered by the employer or carrier." Id. § 928(b). The LHWCA defines "compensation" as "money allowance payable to an employee or to his dependents as provided for in this chapter." Id. § 902(12); see Dir., Office of Workers' Comp. Programs, U.S. Dep't of Labor v. Baca, 927 F.2d 1122, 1124 (10th Cir. 1991) (noting that, under the LHWCA, "attorney[']s fees may only be awarded when the claimant has gained some economic benefit."). Peña was not awarded compensation greater than that tendered by his employer because there is no evidence that IMS refused to pay for surgery at the Puerto Rico cost, regardless of where Peña chose to have the surgery.

Peña's argument is also doomed by this court's decision in Barker v. U.S. Dep't of Labor, 138 F.3d 431 (1st Cir. 1998). In Barker, the petitioner argued that he was entitled to attorney's fees under subsection (b) because, "though he had not secured any additional benefits," he "was the prevailing party in the sense that the administrative proceedings confirmed his entitlement to LHWCA benefits." Id. at 438. Barker held that this argument "distorts the contours of subsection (b)" because under its plain meaning, entitlement to attorney's fees "turns on whether the

- 9 -

claimant succeeds in securing <u>additional</u> compensation."[3]  <u>Id.</u>
(emphasis added).  Peña did not secure any additional compensation
by filing his claim.  The Board did not err in denying the request
for attorney's fees and costs.

The petition for review, which is without merit, is
<u>denied</u>.

---

[3]    In <u>Barker</u>, we left open the question of "whether medical
benefits are (or are not) subsumed within the phrase 'additional
compensation'" in the LHWCA's attorney's fee provision.  <u>Barker</u>,
138 F.3d at 439.  As in <u>Barker</u>, we need not address that issue,
because "[t]he record is bereft of any credible evidence indicating
that . . . the petition brought about a payment that would not
otherwise have occurred."  <u>Id.</u>